**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TERRENCE O. WEBB, | : | |
| | : | Civil No. 07-517 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| CHARLES SAMUELS, JR., | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    TERRENCE O. WEBB, Petitioner pro se
    #07648-084
    F.C.I. Fort Dix
    P.O. Box 2000 (East)
    Fort Dix, New Jersey 08640

**KUGLER, District Judge**

This matter is before the Court on the petition of Terrence O. Webb ("Webb") for habeas corpus relief under 28 U.S.C. § 2241, seeking derivative citizenship pursuant to 8 U.S.C. § 1431(a)(1)(2)(B). Adams submitted an application to proceed in forma pauperis, and it appears that he is qualified to proceed as an indigent in this matter. Accordingly, the Court will grant petitioner's application and permit him to proceed in forma pauperis in this matter. For the reasons set forth below, the Court will dismiss the petition for lack of subject matter jurisdiction.

I.  BACKGROUND

The following facts are taken from the petition, and are assumed true for purposes of this decision.

On or about May 1983, Webb alleges that he was adopted by his grandmother, Carmen May Webb, who was a United States citizen at the time of the adoption. Sometime after 1987, Webb arrived in the United States as a permanent resident alien. He was twelve years old at the time, and was always under the custody of his grandmother.

Webb now brings this action under § 2241, because he is presently confined at the FCI Fort Dix. He claims he meets all the criteria for derivative citizenship status, as set forth in 8 U.S.C. § 1341(a)(1)(2)(B).

II.  ANALYSIS

A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's Claim

Petitioner claims that he became a citizen pursuant to his grandmother's naturalization in 1981. He asks this Court to grant him derivative citizenship status. Webb provides copies of his grandmother's certificate of naturalization, and an affidavit, dated December 23, 1987, by his grandmother seeking to have Webb, Webb's father, and Webb's sisters enter the United States. There are no documents to show that petitioner was adopted by his grandmother. Webb also does not allege that he has made an application for naturalization pursuant to his claim of derived citizenship. There is no claim that petitioner is subject to removal from the United States, or that he has been noticed for removal proceedings. Finally, Webb does not allege that his status as an alien is affecting his classification status as a prisoner at FCI Fort Dix.

Federal statute and regulations provide an administrative process for aliens to apply for derivative citizenship and appeal

an unfavorable determination.  8 U.S.C. § 1452(a); 8 C.F.R. §§ 341.1, 103.3(a).  See Ewers v. INS, 2003 WL 2002763, *2 (D.Conn., Feb. 28, 2003).  Moreover, federal law requires that the alien exhaust all available administrative remedies before seeking judicial review with respect to a claim of citizenship, whether it is raised in a removal proceeding or through the filing of an application for declaration of citizenship.  See 8 U.S.C. § 1252(b); 8 U.S.C. § 1503(a); see also Massieu v. Reno, 91 F.3d 416, 426 (3d Cir. 1996); United States v. Breyer, 41 F.3d 884, 891-92 (3d Cir. 1994); McKenzie v. INS, 2005 WL 452371, *4 (E.D.Pa., Feb. 23, 2005); Ewers, supra.  This requirement is jurisdictional.  See Duvall v. Ellwood, 336 F.3d 228, 233 (3d Cir. 2003); Breyer, 41 F.3d at 891-92.

Here, Webb does not show that he has actually applied for derivative citizenship.  Thus, he has not availed himself of the administrative process necessary to a claim of citizenship, and this Court lacks subject matter jurisdiction to adjudicate Webb's claim of derivative citizenship.[1]

---

[1] The Court notes that Webb's claim of citizenship rests upon the argument that the Child Citizenship Act of 2000, Pub.L. No. 106-395, 114 Stat. 1631, ("CCA") applies retroactively to afford him automatic derivative citizenship based upon his grandmother's naturalization in 1981, prior to the CCA's effective date of February 27, 2001.  Contrary to the law in effect at the time Webb's grandmother was naturalized, pursuant to which there is no dispute that Webb cannot claim derivative citizenship, the CCA provides, in pertinent part, that a child born outside of the United States automatically becomes a citizen of the United States when at least one parent becomes a citizen

4

III.  CONCLUSION

For the reasons set forth above, the petition will be dismissed without prejudice for lack of jurisdiction at this time.  An appropriate order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: March 1, 2007

---

of the United States while the child is under the age of eighteen years.  8 U.S.C. § 1431.  However, the CCA does not apply retroactively to confer derivative citizenship on those who are no longer minors as of its effective date.  See, e.g., Lawal v. Ashcroft, 89 Fed.Appx. 774, 776-77 (3d Cir., Feb. 3, 2004)(citing Drakes v. Ashcroft, 323 F.3d 189, 191 (2d Cir. 2003)); United States v. Arbelo, 288 F.3d 1262, 1263 (11th Cir.), cert. denied, 537 U.S. 911 (2002); Hughes v. Ashcroft, 255 F.3d 752, 759-60 (9th Cir. 2001); Nehme v. INS, 252 F.3d 415, 431 (5th Cir. 2001). See also Ali v. Ashcroft, 2005 WL 43720, *2, Nos. 02-3761 and 03-3112 (7th Cir. Jan. 11, 2005).  Webb was not a minor at the time § 1431 became effective.  Thus, Webb did not acquire automatic derivative citizenship through the naturalization of his grandmother, and he must make an application for derivative citizenship, which he did not do.